IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PETE MOOMEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIV-04-880-HE |
| ) | |
| MARTY SIRMONS, Warden, ) | |
| ) | |
| Respondent. ) | |

**OBJECTION TO REPORT AND RECOMMENDATION**

Petitioner, Pete Moomey (hereinafter "Moomey and/or Petitioner"), by and through his attorney of record, Bill Zuhdi, pursuant LCvR 72.1(a), hereby objects to the Report and Recommendation dated June 30, 2005, by the Honorable Judge Valerie K. Couch, United States Magistrate Judge. Mr. Moomey objects to the US Magistrate Judge's recommendation that the Petition for Writ of Habeas Corpus be denied. Mr. Moomey incorporates herein the arguments, authorities, attachments, exhibits and facts contained within his Petition for Writ of Habeas Corpus (Doc. 1) and contained within Petitioner Pete Moomey's Reply to Respondent's Response to Petition for Writ of Habeas Corpus (Doc. 26).

In addition, as part of Mr. Moomey's objection, he states that the U.S. Magistrate Judge committed clear error in finding that "The OCCA's determination regarding the sufficiency of the evidence is neither contrary to nor an unreasonable application of *Jackson,* nor is it an unreasonable determination of the facts in light of the evidence presented." (Rept at pg. 10). Habeas relief should have been granted on this ground.

Mr. Moomey further objects to the U.S. Magistrate Judge's finding that Petitioner failed to demonstrate how the admission of evidence of other crimes, wrongs, or acts rendered his trial

fundamentally unfair. Petitioner asserts he showed how the admission of other crimes, wrongs or acts rendered his trial fundamentally unfair, and specifically noted how the testimony regarding his alleged valium use and pistol whipping rendered his trial fundamentally unfair (*See* Petition for Writ of Habeas Corpus, Doc. 1, Exhibit 24 at pgs. 21 and 22). The U.S. Magistrate Judge's finding was also error that the testimony regarding alleged pistol whipping by Moomey did not render Petitioner's trial fundamentally unfair. Though at trial there was an objection raised by trial counsel to the testimony and it was sustained, the objection was not on the grounds of inadmissible other crimes evidence. No cautionary instruction by the court that such evidence should not be considered by them was given to the jury (Tr. Vol. 13 at 128) and the admission of this evidence denied Petitioner due process of law.

Petitioner objects to the U.S. Magistrate Judge's finding that the admission of the photographs depicting the gunshot wounds did not render his proceedings fundamentally unfair. Contrary to the U.S. Magistrate Judge's finding, the photographs were unduly gruesome and/or prejudicial and the cumulative effect of introducing all three photographs violated Petitioner's due process rights. Therefore, Petitioner was entitled to federal habeas relief on this ground.

Regarding Grounds 4 and 5 of Petitioner's writ of habeas corpus, Petitioner objects to the U.S. Magistrate Judge's finding that the remarks as a whole "...did not so infect the trial as to render the proceedings fundamentally unfair." (Rept at pg. 17). The U.S. Magistrate Judge's finding that the OCCA's determination of this issue "...is not contrary to or an unreasonable application of clearly established federal law" was error and Petitioner specifically objects to the U.S. Magistrate Judge's finding. Further, Petitioner objects to the U.S. Magistrate Judge's finding that the prosecutorial misconduct based on improper and disparaging remarks about defense counsel "...did not render

Petitioner's trial fundamentally unfair." and the "...OCCA's finding that "[t]he prosecutor was clearly telling the jury to use their own interpretation of the evidence...is not contrary to or an unreasonable application of clearly established federal law." (Rept at pgs. 17 and 18).  Prosecutorial misconduct occurred during Petitioner's trial, rendering it fundamentally unfair.  Moreover, Petitioner demonstrated how the cumulative effect of the prosecutorial misconduct violated his constitutional rights to a fair trial. Thus Petitioner is entitled to habeas relief with this claim and the U.S. Magistrate Judge's findings regarding these grounds was error.

Petitioner was denied his Sixth Amendment right to effective assistance of trial counsel and he objects to the U.S. Magistrate Judge's finding to the contrary.  Further, Petitioner specifically objects to the U.S. Magistrate Judge's finding that the OCCA's determination that Petitioner's ineffective assistance of trial claims was meritless and was "...neither contrary to nor an unreasonable application of <u>Strickland</u>." (Rept at pg. 20).  And, regarding Petitioner's claim of ineffective assistance of counsel for trial counsel's failure to investigate material, exculpatory evidence, Petitioner objects to the U.S. Magistrate Judge's finding that "The OCCA was not unreasonable to conclude that counsel's decision was based upon sound trial strategy pursuant to *Strickland*." (Rept at pgs 22 and 23).  Habeas relief should not have been denied as to the instances of ineffective assistance of trial counsel alleged by Petitioner within his writ of habeas corpus and consequently, the U.S. Magistrate Judge's finding was error.

Regarding Ground Six of the Petition for Writ of Habeas Corpus, Mr. Moomey objects to the U.S. Magistrate Judge's finding that the trial court acted within a constitutionally permissible framework in refusing to allow the testimony of Robert Peeler.  This testimony was needed by Mr. Moomey to establish Regina Moomey's bias.  Refusal to allow the testimony to be admitted was not

harmless and was unduly prejudicial to Moomey and denied him his constitutional right to confrontation.

Moomey submits that prejudicial and cumulative error existed at his trial and therefore objects to the U.S. Magistrate Judge's finding that Petitioner failed to demonstrate actual, prejudicial errors and that there was no cumulative error and the OCCA's determination of the issue was reasonable. (Rept at pg. 27).

Mr. Moomey objects to the U.S. Magistrate Judge's finding that Petitioner had not established that appellate counsel rendered ineffective assistance of counsel for failing to develop a claim of actual innocence. Petitioner submits that the evidence he relied upon regarding Ms. Lundy was sufficient to establish that no reasonable juror would have found him guilty had the evidence been produced at trial and that appellate counsel was ineffective in not raising the issues regarding Lundy on direct appeal. Petitioner also submits he established ineffective assistance of trial counsel in his decision not to offer at trial the testimony of witnesses Schatz and Thompson and established ineffective assistance of appellate counsel by not raising trial counsel's erroneous decision and but for the error the result would have been different.

Mr. Moomey objects to the U.S. Magistrate Judge's finding that Petitioner failed to demonstrate either deficient performance or that he was prejudiced by counsels' failure to obtain exculpatory DNA evidence from the cigarette butt as set forth at pgs 35 and 36 of the Report and Recommendation.

Based on the above and foregoing and the reasons set forth in Petitioner's Petition for Writ of Habeas Corpus and based on Petitioner's Reply, Petitioner respectfully objects to the Report and Recommendation by the U.S. Magistrate Judge dated June 30, 2005.

Respectfully submitted,

s/Bill Zuhdi
BILL ZUHDI, OBA # 10013
P. O. Box 1077
Oklahoma City, OK 73101
(405) 232-1400
ATTORNEY FOR PETITIONER

*Certificate of Service*

 I hereby certify that on July 20, 2005, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing.

Ann K. Hadrava
Assistant Attorney General

s/ Bill Zuhdi
Bill Zuhdi