**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PETE MOOMEY, )<br>)<br>           Petitioner, )<br>)<br>vs. )<br>)<br>MARTY SIRMONS, Warden )<br>)<br>           Respondent. ) | NO. CIV-04-0880-HE |

**ORDER**

Petitioner Pete Moomey, a state prisoner, instituted this action under 28 U.S.C. § 2254 seeking habeas relief. Consistent with 28 U.S.C. §636(b)(1)(B) and (C), the matter was referred for initial proceedings to Magistrate Judge Valerie K. Couch, who has issued her Report and Recommendation suggesting that the petition be denied. An objection has been filed by the petitioner.

The petitioner was convicted by a jury of first degree murder and was sentenced to life imprisonment without parole. After his conviction was affirmed on appeal, the petitioner unsuccessfully sought post-conviction relief. In his habeas petition[1] the petitioner asserts eleven grounds for relief, eight of which were raised on direct appeal.[2]

---

[1]*The claims are set forth in a brief attached to and referenced in the habeas petition and in another motion and brief filed by the petitioner [Doc. #9].*

[2]*Although a question exists as to whether the remaining claims were raised and addressed, as petitioner asserts, in his post-conviction proceedings, the magistrate judge proceeded to consider the merits of the claims. She found that a review of the merits of the petitioner's ineffective assistance of counsel claims raised in grounds nine, ten and eleven of the petition, was less problematic than analysis of the procedural bar issues.*

In a thorough, well-reasoned analysis of the evidence and applicable law, the magistrate judge considered and rejected each of the petitioner's grounds for relief. She concluded the evidence was sufficient to support the conviction and that neither the petitioner's trial nor appellate attorney rendered ineffective assistance of counsel. The magistrate judge also was not persuaded that the state trial court's evidentiary rulings[3] or the prosecutor's questioning of the petitioner during cross-examination and conduct during closing argument rendered the trial so fundamentally unfair that it violated the petitioner's constitutional rights. Because the petitioner failed to demonstrate actual, prejudicial trial errors, the magistrate judge concluded he could not rely on cumulative error as a basis for habeas relief.

In his objection the petitioner initially incorporates "the arguments, authorities, attachments, exhibits and facts" contained in the petitioner's reply to the warden's response to his habeas petition.[4]  Objection p. 1.  He then proceeds to list, with no citation of legal

---

[3]*The petitioner objected to the admission of some testimony and evidence on due process grounds.  He also argued that the exclusion of evidence of a witness' bias violated his Sixth Amendment right to confront witnesses.*

[4]*The mere adoption of a prior brief would not constitute a sufficient objection to warrant or permit de novo review.  See* United States v. One Parcel of Real Property, *73 F.3d 1057, 1060 (10th Cir.1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.");* Garrett v. Oklahoma Corp. Comm'n*, 2003 WL 174197, at *1 (10th Cir. Jan. 27, 2003) ("[F]ailure to file a specific objection to a magistrate judge's report and recommendation constitutes a waiver of appellate review....Objections to the magistrate judge's report must be specific enough to focus the district court's attention on the factual and legal issues in dispute.").* Garrett  *is an unpublished decision cited for persuasive value only under 10th Cir. R. 36.3(B).*

authority and minimal argument, the alleged errors committed by the Magistrate Judge. Nonetheless, having considered the petitioner's objection and given his claims de novo review, the court concurs with Magistrate Judge Couch that the petitioner is not entitled to habeas relief and adopts her Report and Recommendation. Accordingly, the petition is **DENIED.**

    **IT IS SO ORDERED**.

    Dated this 17th day of August, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE